1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY COBB, | CASE NO. 1:10-cv–00642-LJO-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND |
| v. | |
| KATHY MENDOZA-POWERS, et al., | |
| Defendants. | |
| | (ECF Nos. 23, 26, 27) |
| _____/ | OBJECTIONS DUE WITHIN THIRTY DAYS |

I.   **Procedural History**

        Plaintiff Jerry Cobb is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the complaint, filed March 24, 2010, against Defendants Kathy Mendoza-Powers, J. Reynolds, and J. Chastagner for violation of the First Amendment and 42 U.S.C. § 2000cc-1 (Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA)).  On May 23, 2011, Defendants filed a motion to dismiss Plaintiff's First Amendment claims and Defendant Mendoza-Powers.  (ECF No. 23.)  Plaintiff filed an opposition on June 30, 2011,[1] and Defendants filed a reply on July 5, 2011.  (ECF Nos. 26, 27.)

II.   **Argument**

        A.   **Defendants' Argument**

_____

        [1] Plaintiff was notified of the requirements for responding to a motion to dismiss in the second information order issued November 24, 2010.  (ECF No. 14-1.)

Defendants bring this motion on the grounds that 1) Plaintiff failed to exhaust administrative remedies as to his claims against Defendant Mendoza-Powers; 2) Plaintiff's claims against Defendant Mendoza-Powers do not state a claim because they are based on *respondeat superior*; 3) Plaintiff's free exercise claim is barred by the statute of limitations; 4) Defendants are immune from suit for damages under the Eleventh Amendment for suits brought in their official capacities; and 5) Plaintiff is not entitled to injunctive relief.

Defendants argue that Plaintiff did not raise his claim that Defendant Mendoza-Powers supported the actions taken by Defendants Reynolds and Chastagner in any inmate appeal and therefore he has failed to exhaust his administrative remedies.  Defendant Mendoza-Powers was an associate warden at the time of the incidents alleged in the complaint, and was not liable for constitutional violations of her subordinates on a theory of *repondeat superior*.  Plaintiff's complaint does not allege that Defendant Mendoza-Powers personally participated in a deprivation of his constitutional rights, but that she "failed to uphold plaintiff's constitutional right to religious freedom by supporting the unlawful actions against him."  This is insufficient to allege her personal involvement or causal connection to state a claim.

In his complaint Plaintiff alleges incidents that occurred in December 2005 and he did not file his complaint until April 13, 2010, over five years later.  The applicable statute of limitations in California is two years and Plaintiff is entitled to an additional two years because he was imprisoned. Plaintiff filed a writ of habeas corpus in the Untied States District Court for the Central District of California based upon the same incidents alleging a violation of his right to freely practice his religion by not complying with prison grooming standards.  Plaintiff's habeas petition was dismissed on January 25, 2010, for failure to state a claim.  Plaintiff's complaint alleges actions of the Defendants on December 20, 2005, and December 26, 2005.  At the time Plaintiff filed this action, on April 13, 2010, the statute of limitations had expired.

Plaintiff may not seek compensatory and punitive damages against Defendants in their official capacities.  Suits brought against Defendants in their official capacity are equivalent to suits against the state and are barred by the Eleventh Amendment.  The court does not have jurisdiction

over these claims and they should be stricken or dismissed.

Finally, Defendants argue that Plaintiff's requests for the removal of *all* disciplinary records from his central file and an order for a new board hearing to consider his release on parole should be denied as Defendants cannot provide him with the relief requested. The relief Plaintiff is seeking extends beyond the alleged injury he suffered and is directed to the California Department of Corrections, who is not a defendant in this action. Plaintiff fails to show imminent injury as he does not allege that the disciplinary records remain in his file or that he was denied parole based upon the disciplinary actions, nor could he prove that he will continue to be denied parole in the future based upon the disciplinary actions.

**B.    Plaintiff's Opposition**

Plaintiff argues that he did exhaust his administrative remedies regarding his claims against Defendant Mendoza-Powers. On January 25, 2006, Plaintiff filed his inmate appeal regarding the disciplinary chrono that was issued for grooming violations. On February 10, 2006, Plaintiff filed his inmate appeal regarding the second disciplinary chrono that was issued for grooming violations. Plaintiff's appeals were denied at the director's level and his administrative remedies were exhausted.

Defendant Mendoza-Powers was acting warden at the time the incidents alleged in the complaint occurred and as such she was charged with the duties of managing the daily activities of the prison, prison policies, and employee conduct. Defendant Mendoza-Powers authorized one of her lieutenants to produce and circulate the grooming memo that maintained an unconstitutional grooming policy. Defendant Mendoza-Powers notified her employees on January 19, 2006, that she needed to meet with them regarding the unconstitutional grooming policy. After receiving Plaintiff's appeals, dated January 25 and February 10, 2006, Defendant Mendoza-Powers refused to protect Plaintiff's rights by denying him relief from punishment. Defendant Mendoza-Powers was charged with reviewing inmate appeals at the second level of review and demonstrated a conscious choice

1  to aid and abet after the fact.[2]  Defendant Mendoza-Powers authorized the grooming memo that
2  instructed her employees to continue enforcing the policy after the ruling in Warsoldier v. Woodford,
3  418 F.3d 989 (9th Cir. 2005).

4          Additionally, Defendant Mendoza-Powers can be held liable on a theory of *respondeat*
5  *superior*.  Defendant Mendoza-Powers was acting warden at the time of the violations and her duties
6  included supervising employees.  The doctrine of *respondeat superior* includes the policy making
7  of individual officials.  As acting warden Defendant Mendoza-Powers was the authorized policy
8  maker.

9          Plaintiff incorrectly filed his writ of habeas corpus on December 24, 2008, in the United
10  States District Court for the Central District of California.  The District Court dismissed Plaintiff's
11  petition, without prejudice, on January 25, 2010.  Plaintiff argues that his right to proceed forward
12  with this claim was preserved by the District Court dismissing his claim without prejudice and that
13  his claims are not time barred under the "unauthorized punishment" doctrine.  California has
14  repeatedly held that an unauthorized punishment can be corrected at any time.

15          Defendants are not immune to suit in their official capacities.  California has taken action to
16  waive Eleventh Amendment immunity by accepting liability of its employees through the California
17  tort process.  California has created a tort process whereby it can be held liable for damages from the
18  acts of its employee.  By creating an action for recovery in tort California has waived its immunity
19  under the Eleventh Amendment.  Further, if the Court finds that California is entitled to Eleventh
20  Amendment immunity he requests that California be prohibited from any further involvement in this
21  action.  Only by prohibiting the state from engaging Plaintiff in this suit can he have a fair contest
22  with Defendants in their individual capacities.

23          Finally, since California is the real party in interest they need not be named for the Eleventh
24  Amendment to apply.  Plaintiff can receive declaratory judgment and injunctive relief under the
25  Eleventh Amendment.  Plaintiff argues that he is likely to succeed on the merits of his claim under

26

27          [2]Plaintiff argues criminal law standards for aiding and abetting a crime and being an accessory after the fact
28  that are irrelevant to the issues to be decided in this civil action.

4

RLUIPA.  The rule violation documents were previously used in Plaintiff's 2006 parole hearing to meet the some evidence standard to deny his parole.  As long as these documents are in Plaintiff's prison records they may possibly be used to deny parole at future hearings.  Because Plaintiff has raised a colorable First Amendment claim that his religious beliefs have been infringed he has established irreparable injury unless an injunction is issued barring enforcement of the grooming documents against him.

If the court finds that Plaintiff failed to allege sufficient facts he seeks leave to amend his complaint.

### C.    **Defendants' Reply**

Plaintiff is mistaken when he argues that his appeals regarding Defendants Chastagner and Reynolds included his allegations against Defendant Mendoza-Powers.  Plaintiff alleges that Defendant Mendoza-Powers authored the memorandum instructing staff that the grooming standards would temporarily remain in effect, however it was authored by Lieutenant Pina and does not indicate that it was written on her behalf.  The memo itself states that the Litigation Office consulted with Sacramento and confirmed that the grooming standards were still in effect.  Contrary to Plaintiff's allegation there is not even a suggestion that Defendant Mendoza-Powers was involved in the decision regarding grooming standards.

The appeals Plaintiff cites do not mention the memoranda or suggest that Defendants Chastagner and Reynolds were acting at the direction of Defendant Mendoza-Powers.  Both of Plaintiff's appeals alleged that Plaintiff had been issued a rule violation for failing to comply with the grooming policy and requested the rule violation reports be removed from his central file.  Plaintiff's appeals only concerned the narrow issue  of the rule violation report and were not sufficient to put the prison on notice that Plaintiff was alleging wrongful acts by Defendant Mendoza-Powers.

Although Plaintiff argues that he has established a claim against Defendant Mendoza-Powers he has sued her because of her job title.  There is no liability under section 1983 against persons who do not participate in the civil rights violation.  While Plaintiff attempts to allege that Defendant

Mendoza-Powers was responsible for the policy, at best, he has shown that Lieutenant Pina was involved in the policy. Plaintiff's allegations regarding the January 19, 2006, communication from Defendant Mendoza-Powers merely demonstrates that she wished to speak with staff regarding the policy. This was subsequent to the incidents alleged in the complaint. Defendant Mendoza-Powers actions taken after the alleged unconstitutional conduct, whether the communication to staff regarding the grooming policy or the denials of Plaintiff's appeals, is insufficient to state a claim against her.

The fact that Plaintiff's habeas petition was dismissed without prejudice does not preclude his complaint from being barred by the statute of limitations. The statute of limitations under California law is two years, plus an additional two years because Plaintiff was incarcerated. Plaintiff's complaint was filed over five years after the incidents alleged occurred and therefore was barred by the statute of limitations.

It is well established that a state cannot be sued for damages in federal court and the state need not be a named defendant for the Eleventh Amendment to apply. Because Plaintiff is seeking monetary damages the State is the real party in interest.

**III.   Complaint Allegations**

Plaintiff alleges that Defendants Kathy Mendoza-Powers, J. Reynolds, and J. Chastagner denied him his First Amendment Right to free exercise of religion by requiring him to shave his head against his religious beliefs.[3] On December 20, 2005, Defendant J. Reynolds issued a disciplinary chrono to Plaintiff for failing to shave his head. On December 26, 2005, Defendant J. Chastagner issued a rule violation report for Plaintiff not shaving his head. Defendant Mendoza-Powers failed to uphold Plaintiff's constitutional right to religious freedom by supporting the unlawful actions against him. Plaintiff includes the order dismissing his habeas petition without prejudice in Cobb v. Mendoza-Powers, 5:08-cv-01920-JHN (FFM) HC.

///

---

[3]The Court notes that Plaintiff's complaint references an attached statement of facts that was not filed with the complaint.

1  IV.     **Motion to Dismiss**

2          A.      **Failure to Exhaust**

3                  1.      **Legal Standard**

4          Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

5  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

6  confined in any jail, prison, or other correctional facility until such administrative remedies as are

7  available are exhausted." 42 U.S.C. § 1997e(a).   The section 1997e(a) exhaustion requirement

8  applies to all prisoner suits relating to prison conditions. Woodford v. Ngo, 548 U.S. 81, 85, 126

9  S. Ct. 2378, 2383 (2006). All available remedies must be exhausted, not just those remedies that

10 meet federal standards, Woodford, 548 U.S. at 84, 126 S. Ct. at 2383, nor must they be "plain,

11 speedy, and effective," Booth v. Churner, 532 U.S. 731, 739, 121 S. Ct. 1819, 1824 (2001).

12 Prisoners must complete the prison's administrative process, regardless of the relief sought by the

13 prisoner and regardless of the relief offered by the process, as long as the administrative process can

14 provide some sort of relief on the complaint stated. Booth, 532 U.S. at 741, 121 S. Ct. at 1825; see

15 Woodford, 548 U.S. at 93, 126 S. Ct. at 2387.

16         The California Department of Corrections has an administrative grievance system for

17 prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq.  "Any inmate or parolee under the

18 department's jurisdiction may appeal any departmental decision, action, condition, or policy which

19 they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §

20 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second

21 formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15,

22 § 3084.5.

23         Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

24 defense  which defendants have the burden of raising and proving the absence of exhaustion. Lira

25 v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005). The failure to exhaust nonjudicial administrative

26 remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a

27 summary judgment motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing Ritza

28

                                                 7

1   v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).

2   "In deciding a motion to dismiss for failure to exhaust, a court may look beyond the pleadings and

3   decide disputed issues of fact." Sapp v. Kimbrell, 623 F.3d. 813, 821 (9th Cir. 2010) (quoting

4   Wyatt, 315 F.3d at 1119-20).  If the court concludes that the prisoner has failed to exhaust

5   administrative remedies, the proper remedy is dismissal without prejudice, even where there has

6   been exhaustion while the suit is pending.  Lira, 427 F.3d at 1171.

7        In order to exhaust administrative remedies the grievance must give adequate notice

8   regarding the wrong for which the inmate seeks redress.  Sapp, 623 F.3d at 824.  California

9   regulations at the time of the incidents alleged only required that the appeal describe the problem and

10  action requested. Id.  While an inmate appeal "need not articulate a precise legal theory, 'a grievance

11  [only] suffices if it alerts the prison to the nature of the wrong for which redress is sought.'"

12  McCollum v. Cal. Dep't of Corr. and Rehab., 647 F.3d 870, 876 (9th Cir. 2011) (quoting Griffin v.

13  Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009)).  An inmate does not have to identify the person to be

14  sued for his appeal to be sufficient.  Sapp, 623 F.3d at 824.

15       A government official can not be held liable for the actions of his subordinates under a theory

16  of *respondeat superior*.  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  Since

17  Plaintiff's claims against Defendant Mendoza-Powers are based on a theory of *respondeat superior*

18  he has failed to state a cognizable claim.  As discussed in this findings and recommendations,

19  Plaintiff's complaint should be dismissed with leave to amend.  In this instance, until Plaintiff has

20  stated a cognizable claim against Defendant Mendoza-Powers, the Court is unable to determine if

21  he has exhausted his administrative remedies in regards to Defendant Mendoza-Powers.

22  Accordingly, Defendants' motion to dismiss for failure to exhaust should be denied as moot.

23       **B.    Statute of Limitations**

24       Federal law determines when a claim accrues, and "under federal law, a claim accrues "when

25  the plaintiff knows or has reason to know of the injury which is the basis of the action." Lukovsky

26  v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v.

27  Lewis, 174 F.3d 987, 991 (9th Cir. 1999)); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999).  In

28

8

the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions requires that the claim be filed within 2 years. Cal. Code Civ. Proc. § 335; Jones, 393 F.3d at 927.

In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See Hardin v. Straub, 490 U.S. 536, 539, 109 S. Ct. 1998, 2000 (1989). Pursuant to the California Code of Civil Procedure section 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Thus, incarcerated plaintiffs have four years from the date that the cause of action accrued in which to file suit, if the cause of action accrued while the plaintiff was incarcerated. The equitable tolling doctrine also tolls the statute of limitations while exhaustion occurs. Donoghue v. County of Orange, 848 F.2d 926, 930-31 (9th Cir. 1988); Addison v. State of California, 21 Cal.3d 313, 318 (1978).

Additionally whether an inmate is entitled to equitable tolling is decided by state law except to the extent that it is inconsistent with federal law. Jones, 393 F.3d at 927. Under California law equitable tolling is available where there is "timely notice, and lack of prejudice to the defendant, and reasonable and good faith conduct on the part of the plaintiff." Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1132 (9 th Cir. 2001) (quoting Addison, 21 Cal.3d at 319). Equitable tolling applies "to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Jones, 393 F.3d at 927 (quoting Lantzy v. Centex Homes, 31 Cal.4th 363, (2003)). Application of equitable tolling "requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the . . . limitations statute." Jones, 393 F.3d at 927 (quoting Lantzy, 31 Cal.4th

at 660)).

While Defendants argue that Plaintiff filed this action over five years after the latest incident occurred, the Court notes that the latest incident occurred on December 26, 2005, and this action was filed on March 24, 2010.  Therefore, Plaintiff's complaint was filed approximately four years and three months later.  While the pleadings do not indicate when Plaintiff's appeal was initially filed and the final decision reached, the Court takes judicial notice of case 5:08-cv-01920-JHN-FFM filed in the Central District of California on December 18, 2001.  Plaintiff's habeas petition raised the same issues that he is litigating in this action, along with multiple other claims.  On January 25, 2010, an order issued dismissing Plaintiff's claims regarding the exercise of his rights in regard to the grooming regulations, without prejudice.

Defendants fail to argue that equitable tolling would not apply to Plaintiff's claims in this action.  The pleadings show that Plaintiff satisfied the requirements of equitable tolling in regards to Defendant Mendoza-Powers.  Plaintiff's habeas petition, filed against Defendant Mendoza-Powers, gave her timely notice of his claims.  See Daviton, 241 F.3d at 1140 ("once the defendant is aware of the wrong, the purpose of the statute of limitations has been served").  The issues raised are similar to those raised in the instant action and the Court fails to see that Defendant Mendoza-Powers would suffer any prejudice from having to defend this action which was filed within three months of the statute of limitations.  Plaintiff's conduct, in filing this action as a habeas petition, rather than a civil rights action, would appear to be a mistake as to the proper action he should have filed.  In this instance the filing of the habeas action is reasonable and in good faith.  Additionally, Plaintiff would potentially be entitled to any tolling during the pendency of his inmate appeal.  Donoghue, 848 F.2d at 930-31.  Plaintiff's claim against Defendant Mendoza-Powers would be equitably tolled under California law.

However, the pleadings do not address when Plaintiff filed his administrative appeal and when the appeal was exhausted.  Accordingly, the Court is unable to determine if Plaintiff's claims against Defendants Reynolds and Chastagner were filed within the statute of limitations given the tolling for the period of exhaustion of administrative remedies.  Based on the foregoing, Defendants

1  motion to dismiss on the grounds that Plaintiff's claims were not filed within the statute of
2  limitations should be denied.

3        **C.      Failure to State a Claim**

4        In considering a motion to dismiss for failure to state a claim, the court generally considers
5  only the pleadings and must accept as true the allegations in the complaint.  Marder v. Lopez, 450
6  F.3d 445, 448 (9th Cir. 2006); Shaver v. Operating Engineers Local 428 Pension Trust Fund, 332
7  F.3d 1198, 1201, 1203 (9th Cir. 2002).  A court may consider evidence that the complaint relies on,
8  where the complaint refers to a document that is central to the complaint and no party questions the
9  authenticity of the document.  Marder, 450 F.3d at 448; see United States v. Ritchie, 342 F.3d 903,
10 908 (9th Cir. 2003).  Additionally, the court is to "construe the pleading in the light most favorable
11 to the party opposing the motion, and resolve all doubts in the pleader's favor.  Hebbe v. Pliler, 627
12 F.3d 338, 340 (9th Cir. 2010).  Pro se pleadings are held to a less stringent standard than those
13 drafted by attorneys.  Hebbe, 627 F.3d at 342.

14       A motion to dismiss for failure to state a claim is properly granted where the complaint lacks
15 "a cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory."
16 Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting Balistreri v. Pacifica
17 Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988)).  There are two requirements to survive a motion
18 to dismiss for failure to state a claim under Rule 12(b)(6).  While accepting factual allegations in the
19 complaint as true, the court is not required to accept legal conclusions as true, and the factual
20 allegations must state a plausible claim for relief.  Maya v. Centex Corp., __ F.3d __, WL 4381864,
21 *3 (9th Cir. 2011).

22              **1.      *Respondeat Superior***

23       Plaintiff is incorrect that a government official can be held liable for the actions of his
24 subordinates under a theory of *respondeat superior*.  Iqbal, 556 U.S. 662, 129 S. Ct. at 1949.  A
25 supervisor may only be held liable for the actions of his subordinates under section 1983 if he
26 "participated in or directed the violations, or knew of the violations and failed to act to prevent
27 them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Additionally, there must be "a sufficient

28

causal connection between the supervisors wrongful conduct and the constitutional violation." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).

In his complaint Plaintiff has merely alleged that, by supporting the unlawful actions, Defendant Mendoza-Powers failed to uphold his constitutional rights to religious freedom. This is insufficient to allege any personal participation by Defendant Mendoza-Powers or that she was aware of the violations and failed to act to prevent them. Taylor, 880 F.2d at 1045. Defendants' motion to dismiss for failure to state a claim against Defendant Mendoza-Powers should be granted.

## 2.   Official Capacity

Plaintiff argues that California has waived sovereign immunity by accepting liability for the acts of its employees though the California tort claim process. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Although the State of California has waived sovereign immunity through the California Tort Claims Act with respect to actions brought in state court, that waiver does not effectuate a waiver of Eleventh Amendment immunity in federal court. BV Engineering v. University of California, Los Angeles, 858 F.2d 1394, 1396 (9th Cir. 1988), cert. denied 489 U.S. 1090, 109 S. Ct. 1557 (1989); see also Guzman v. Van Demark, 651 F.Supp. 1180, 1183 (C.D. Cal. 1987) (California has not waived its Eleventh Amendment immunity by passing the Tort Claim Act).

A suit brought against prison officials in their official capacity is generally equivalent to a suit against the prison itself. McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986). Therefore, prison officials may be held liable if "'policy or custom' . . . played a part in the violation of federal law." McRorie, 795 F.2d at 783 (quoting Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105 (1985). The official may be liable where the act or failure to respond reflects a conscious or deliberate choice to follow a course of action when various alternatives were available. Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting City of Canton v. Harris, 489 U.S. 378, 389, 109 S. Ct. 1197, 1205 (1989); see Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006);

1    Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010).  To prove liability for

2    an action policy the plaintiff "must . . . demonstrate that his deprivation resulted from an official

3    policy or custom established by a . . . policymaker possessed with final authority to establish that

4    policy."  Waggy, 594 F.3d at 713.  Liability for failure to act requires that Plaintiff show that the

5    "employee violated the plaintiff's constitutional rights;" the agency "has customs or policies that

6    amount to deliberate indifference;" and "these customs or policies were the moving force behind the

7    employee's violation of constitutional rights."  Long, 442 F.3d at 1186.

8           Plaintiff's claims against Defendants Reynolds and Chastagner are for issuing rule violations

9    because Plaintiff failed to comply with prison grooming regulations.  Plaintiff does not, nor could

10   he plausibly, allege that Defendants Reynolds and Chastagner were policymakers in regards to the

11   regulation which they were enforcing.  Plaintiff's official capacity claims should be dismissed for

12   failure to state a claim.

13                      **3.      Injunctive Relief**

14          Plaintiff seeks injunctive relief ordering the California Department of Corrections and

15   Rehabilitation ("CDCR") to vacate the findings of guilt and remove all disciplinary records from his

16   file and for a new board hearing to reconsider his release on parole.  For each form of relief sought

17   in federal court, Plaintiff must establish standing.  Mayfield v. United States, 599 F.3d 964, 969 (9th

18   Cir. 2010), cert.denied, 131 S. Ct. 503 (2010).  This requires Plaintiff to "show that he is under threat

19   of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and

20   imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the

21   defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury."

22   Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S. Ct. 1142, 1149 (2009) (citation

23   omitted); Mayfield, 599 F.3d at 969 (citation omitted).

24          In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,

25   which provides in relevant part, "Prospective relief in any civil action with respect to prison

26   conditions shall extend no further than necessary to correct the violation of the Federal right of a

27   particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless

28

1   the court finds that such relief is narrowly drawn, extends no further than necessary to correct the

2   violation of the Federal right, and is the least intrusive means necessary to correct the violation of

3   the Federal right." 18 U.S.C. § 3626(a)(1)(A).

4          In order to issue injunctive relief the court must have jurisdiction over the person to be

5   subject to the order. Zenith Radio Corp. v. Hazeltine, 395 U.S. 100, 110, 89 S. Ct. 1562, 1569

6   (1969). The Court is unable to issue an order against CDCR or the parole board because they are

7   not a party in this action. Additionally, Plaintiff's request that all disciplinary records be removed

8   from his file goes beyond the constitutional violation alleged. Plaintiff's motion for injunctive relief

9   should be dismissed as it is not cognizable.

10          For this same reason the court is unable to grant Plaintiff's request that CDCR be prohibited

11   from any further involvement in this action.

12   **V.      Sua Sponte Screening**

13          **A.      Screening Requirement**

14          This action was screened on November 12, 2010, and it was determined that the complaint

15   stated a cognizable claim for violation of the Free Exercise Clause of the First Amendment and

16   RLUIPA. Subsequently this action was reassigned to the undersigned on October 17, 2011. The

17   Court is required to screen complaints brought by prisoners seeking relief against a governmental

18   entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must

19   dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or

20   malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief

21   against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Notwithstanding

22   any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case *at any*

23   *time* if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief

24   may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added). Accordingly, screening and re-

25   screening that may result in dismissal of claims and/or defendants can be done at any time. Based

26   upon the reassignment of this action the Court shall rescreen Plaintiff's complaint.

27          In determining whether a complaint states a claim, the Court looks to the pleading standard

28

under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

### B.   Discussion

#### 1.   First Amendment

"Prison walls do not form a barrier separating prison inmates from the protections of the Constitution."  Turner v. Safley, 482 U.S. 78, 84, 107 S. Ct. 2254, 2259 (1987).  Nevertheless, prisoners' constitutional rights are subject to substantial limitations and restrictions in order to allow prison officials to achieve legitimate correctional goals and maintain institutional security.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S. Ct. 2400, 2404 (1987); Bell v. Wolfish, 441 U.S. 520, 546-47, 99 S. Ct. 1861, 1878 (1979).

"Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion."  O'Lone, 482 U.S. at 348, 107 S. Ct. at 2404 (internal quotations and citations omitted).  The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith.  Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), overruled in part by Shakur, 514 F.3d at 884-85.

Plaintiff fails to set forth factual allegations that he was prevented from engaging in any conduct which he sincerely believes is consistent with his faith.  Shakur, 514 F.3d at 884-85.  Plaintiff's allegation that Defendants Kathy Mendoza-Powers, Reynolds, and Chastagner denied him his First Amendment Right to free exercise of religion by requiring him to shave his head against his religious beliefs is insufficient to state a cognizable claim under the First Amendment.

#### 2.   RLUIPA

To state a claim under RUILPA a plaintiff must show that a person acting under color of state

law "imposed a substantial burden on his religious exercise. Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 921 (9th Cir. 2011).  Under RUILPA a plaintiff bears the initial burden of setting forth a prima facie claim that the "policy and its punitive sanctions designed to coerce him to comply with that policy constitute a substantial burden on the exercise his religious beliefs." Warsoldier, 418 F.3d at 994.  Once the initial burden is met then the burden shifts to defendant to show that any substantial burden on plaintiff's "exercise of his religious beliefs is both in furtherance of a compelling governmental interest and the least restrictive means of furthering that compelling governmental interest." Warsoldier, 418 F.3d at 995 (quoting 42 U.S.C § 2000cc-1(a); § 2000cc-2(b)).  RUILPA is to be broadly construed in favor of protecting the inmates right to exercise his religious beliefs. Warsoldier, 418 F.3d at 995.

Additionally, Plaintiff may not bring suit against a state for monetary damages under RLUIPA. Sossamon v. Texas, __ U.S. __, 131 S. Ct. 1651, 1663 (2011).  Although the Ninth Circuit has not directly addressed the issue of whether a cause of action may be brought against prison officials in their individual capacities, District Courts that have considered the issue have held that individual capacity suits may not be brought under RLUIPA. Rupe v. Cate, 688 F.Supp.2d 1035, 1045-1046 (E.D. Cal. Feb. 1, 2010) (holding no cause of action against Defendants in their individual capacities for a claim under RLUIPA).

Plaintiff has failed to set forth factual allegations to show that Defendants Mendoza-Powers, Reynolds, or Chastagner created a substantial burden on his religious beliefs.  Additionally, Plaintiff may not proceed on a RLUIPA claim against Defendants in their individual capacities.  Accordingly, Plaintiff has failed to state a cognizable claim for a violation of RLUIPA.

**VI.    Conclusion and Recommendation**

The Court finds that Plaintiff's complaint fails to state any claims upon which relief can be granted under § 1983 against any named defendant.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'"  In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  Plaintiff should be

granted leave to file an amended complaint.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court  HEREBY RECOMMENDS that:

1.    Defendants' motion to dismiss, filed May 23, 2011, be GRANTED IN PART and DENIED IN PART as follows:

    a.    Defendants' motion to dismiss for failure to exhaust administrative remedies be DENIED, without prejudice, as moot;

    b.    Defendants' motion to dismiss on the ground that the action was not filed within the statute of limitations be DENIED as to Defendant Powers-Mendoza;

    c.    Defendants' motion to dismiss for failure to state a claim be GRANTED for Plaintiff's official capacity claims and injunctive relief claims and be GRANTED as to Defendant Powers-Mendoza; and

2.    Plaintiff's complaint, filed March 24, 2010, be dismissed, with leave to amend, for failure to state a cognizable claim under section 1983.

3.    Plaintiff's complaint be dismissed without leave to amend as to the RLUIPA claims against the individual defendants.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **November 14, 2011**                    **/s/ Barbara A. McAuliffe**
UNITED STATES MAGISTRATE JUDGE

17