1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   JERRY COBB,                          CASE NO. 1:10-cv–00642-LJO-BAM PC

10              Plaintiff,               FINDINGS   AND   RECOMMENDATIONS
                                         RECOMMENDING  DISMISSING  CERTAIN
11      v.                               CLAIMS AND DEFENDANTS

12   KATHY MENDOZA-POWERS, et al.,       (ECF No. 33)

13              Defendants.              OBJECTIONS DUE WITHIN THIRTY DAYS
     _____/
14

15          Plaintiff Jerry Cobb is a state prisoner proceeding pro se and in forma pauperis in this civil

16   rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is the First Amended

17   Complaint, filed March 6, 2012, and Defendants' Motion to Dismiss, filed March 19, 2012.[1]  (ECF

18   Nos. 33, 37.)

19   **I.     Screening Requirement**

20          The Court is required to screen complaints brought by prisoners seeking relief against a

21   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23   "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

24   monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

25          In determining whether a complaint states a claim, the Court looks to the pleading standard

26   under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and

27   ─────────────────

28          [1]Defendants' Motion to Dismiss shall be addressed by separate findings and recommendations after Plaintiff
     has had an opportunity to file an opposition.

1

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.   **Complaint Allegations**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at Folsom State Prison. Plaintiff brings this action against Defendants Jeanne Woodford, Kathy Mendoza-Powers, J. Reynolds, and J. Chastagner alleging violations of his right to religious freedom under the First Amendment, cruel and unusual punishment in violation of the Eighth Amendment, due process in violation of the Fourteenth Amendment, and cruel and unusual punishment in violation of the California Constitution. Plaintiff seeks a declaratory judgment, injunctive relief, and monetary damages.

Plaintiff states that on April 4, 2003, he took a vow not to comb or shave his hair as a symbol of his relationship with God. At the time Plaintiff made this vow, the CDCR was enforcing a grooming policy providing no exemptions for prisoners with religious beliefs. After the prison

grooming policy was found to be unconstitutional in Warsoldier,[2] on November 15, 2005, Defendant Mendoza-Powers continued to enforce the policy.  Defendant Mendoza-Powers authorized a lieutenant under her command to generate a memo notifying staff and inmates that the grooming policy would continue to be enforced at Avenal State Prison, where Plaintiff was incarcerated.

On December 16, 2005, Defendant Reynolds told Plaintiff to cut his hair or he would receive a disciplinary violation.  Plaintiff refused to comply.  On December 20, 2005, Defendant Reynolds issued Plaintiff a counseling chrono, the first step in the disciplinary process.  Defendant Chastagner issued a rule violation report on December 26, 2005.  On January 3, 2006, Plaintiff was found guilty of a rule violation for failing to cut his hair.  Plaintiff was required to perform forty hours extra duty, which consisted of washing toilets, scrubbing floors, washing walls and tables.  While performing these duties, Plaintiff was denied access to chapel services, recreational activities, phone calls, etc.

Around January 19, 2006, Defendant Mendoza-Powers was notified regarding the unconstitutional grooming policy and called a meeting to discuss revisions to the grooming policy. Plaintiff filed an inmate appeal, which was reviewed by Defendant Mendoza-Powers at the second level of review and denied on January 26, 2006.  On February 3, 2006, Plaintiff filed an appeal regarding the rule violation and punishment.

Around March 20, 2006, Plaintiff's appeal was submitted to the third level of review and denied by Defendant Woodford.  Plaintiff believes that the disciplinary documentation is periodically reviewed by prison officials to determine his housing and placement and will have negative consequences for Plaintiff as long as it is in his central file.

For the reasons stated below, Plaintiff's First Amended Complaint states a claim against Defendants Mendoza-Powers, Reynolds, and Chastagner for violations of the Free Exercise Clause of the First Amendment, but fails to state any other claims under section 1983.

**III.   Discussion**

    **A.   First Amendment**

"Prison walls do not form a barrier separating prison inmates from the protections of the

---

[2]The Court assumes that Plaintiff is referring to Warsoldier v. Woodford, 418 F.3d 989, 994 (9th Cir. 2005).

1   Constitution." Turner v. Safley, 482 U.S. 78, 84 (1987).  Nevertheless, prisoners' constitutional

2   rights are subject to substantial limitations and restrictions in order to allow prison officials to

3   achieve legitimate correctional goals and maintain institutional security.  O'Lone v. Estate of

4   Shabazz, 482 U.S. 342, 348 (1987); Bell v. Wolfish, 441 U.S. 529, 546-47 (1979).

5       "Inmates . . . retain protections afforded by the First Amendment, including its directive that

6   no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348

7   (1987) (internal quotations and citations omitted).  The protections of the Free Exercise Clause are

8   triggered when prison officials substantially burden the practice of an inmate's religion by preventing

9   him from engaging in conduct which he sincerely believes is consistent with his faith.  Shakur v.

10  Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir.

11  1997), overruled in part by Shakur, 514 F.3d at 884-85.

12      To receive protection under the First Amendment Free Exercise Clause, the proffered belief

13  must be sincerely held and rooted in religious belief.  Malik v. Brown, 16 F.3d 330, 333 (9th Cir.

14  1994).  At the pleading stage, Plaintiff has sufficiently alleged facts to establish that he would not

15  cut his hair due to a sincerely held religious belief.

16      Plaintiff alleges that Defendants Mendoza-Powers and Woodford violated his First

17  Amendment rights by reviewing and denying his inmate greivance.  The argument that anyone who

18  knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself

19  is not correct.  "Only persons who cause or participate in the violations are responsible.  Ruling

20  against a prisoner on an administrative complaint does not cause or contribute to the violation.

21  Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005) accord George v. Smith, 507 F.3d 605, 609-10

22  (7th Cir. 2007); see Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance

23  procedures are not mandated by the First Amendment and do not by their very existence create

24  liberty interests protected by the Due Process Clause, and so the alleged mishandling of [an inmate's]

25  grievances by persons who otherwise did not cause or participate in the underlying conduct states

26  no claim.").  At the time that Plaintiff's appeals were reviewed and denied, he had already been

27  charged and found guilty of the rule violation and the grooming policy had been revised.  Defendants

28  Mendoza-Powers and Woodford did not cause or contribute to the violation by ruling on Plaintiff's

4

inmate appeal. Plaintiff's allegations that Defendants Mendoza-Powers and Woodford denied his inmate appeal are insufficient to state a cognizable claim.

Plaintiff's allegations that Defendant Mendoza-Powers continued to enforce the grooming policy, and Defendants Reynolds and Chastagner charged him with a rule violation and he was found guilty of violating an unconstitutional policy states a claim for violation of Plaintiff's free exercise rights under the First Amendment.

**B.    Eighth Amendment**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Plaintiff has not alleged facts to show that he was at risk of serious harm due to the grooming policy, by being found guilty of violating the policy, or by the conditions he was subjected to due to the sentence imposed. Plaintiff fails to state a cognizable claim for cruel and unusual punishment in violation of the Eighth Amendment. While Plaintiff has not previously been provided with the legal standard to state a conditions of confinement claim under the Eighth Amendment, the Court finds that Plaintiff's Eighth Amendment claims set forth here are not capable of being cured by amendment and leave to amend should not be granted.

**C.    Fourteenth Amendment**

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which

1   the protection is sought.  Id.  The Due Process Clause does not confer a liberty interest in freedom

2   from state action taken within a prisoner's imposed sentence.  Sandin v. Conner, 515 U.S. 472, 480,

3   115 S. Ct. 2293, 2298 (1995).  A prisoner has a liberty interest protected by the Due Process Clause

4   only where the restraint "imposes atypical and significant hardship on the inmate in relation to the

5   ordinary incidents of prison life."  Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting

6   Sandin, 515 U.S. at 484, 115 S. Ct. at 2300).

7        Plaintiff has failed to state a liberty or property interest to state a cognizable claim for a

8   violation of due process.

9        Additionally, where a particular amendment provides an explicit textual source of

10   constitutional protection against a particular sort of government behavior, that Amendment, not the

11   more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's

12   claims."  Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and

13   brackets omitted) overruled on other grounds by Unitherm Food Systems, Inc. V. Swift –Eckrick,

14   Inc., 546 U.S. 394 (2006); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).

15        In this case, the First Amendment "provides [the] explicit textual source of constitutional

16   protection . . . ."  Patel, 103 F.3d at 874.  Therefore, the First Amendment rather than the Due

17   Process Clause of the Fourteenth Amendment governs Plaintiff's claims.

18                          **1.    Extra Duty Hours**

19        Plaintiff's allegation that he was required to perform forty hours of extra duty is insufficient

20   to state a liberty interest.  Requiring Plaintiff to perform forty hours of extra duty does not impose

21   atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

22   Miller v. Conway, No. 1:05-cv-00469-S-LMB, 2007 WL 2782246, *11-12, 14 (D. Idaho Sept. 21,

23   2007) (no liberty interest in inmate being sentenced to fifteen days of disciplinary segregation and

24   twenty hours of extra duty or sixty days of commissary restriction and forty extra duty hours);

25   Fordjour v. Director of CDCR, No. 1:07-cv-01768-AWI-SMS PC, 2008 WL 782865, *3 (E.D. Cal.

26   Mar. 20, 2008) (no liberty interest in imposition of extra duty hours and placement on C status);

27   Booth v. Stewart, No. 2:02-po-02440-MHM DKD, 2005 WL 2449956, *5 (D.Ariz. Sept. 29, 2005)

28   (imposition of extra duty and suspended disciplinary detention "are not atypical or significant

hardships giving rise to a liberty interest").

### 2. Rule Violation Report

There is no property or liberty interest in the documents contained in an inmate's central file. Plitt v. Gonzalez, No. 1:08-cv-01352-BLW-LMB, 2011 WL 3813099, *5 (E.D.Cal. Aug. 26, 2011). Nor is Plaintiff's allegation that the rule violation report will have negative consequences sufficient to establish a liberty interest in the document's inclusion in his central file. The Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986). However, "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

### 3. Grievance Process

Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); and there is no liberty interest in a prison grievance procedure as it is a procedural right only. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

### D. California Constitution

Plaintiff is not entitled to damages for a violation of the cruel and unusual punishment clause of the state constitution. Giraldo v. California Dep't Corrections and Rehabilitation, 168 Cal.App.4th 231, 256-57 (Ct. App. 2008) (cruel and unusual punishment); see also Brown v. County of Kern, No. 1:06-cv-00121-OWW-TAG, 2008 WL 544565, *17 (E.D. Cal. Feb. 26, 2008) (plaintiff may not seek damages directly under Article 1, Sections 7 or 13 of the California Constitution).

### E. Declaratory Relief

In addition to money damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford

1    relief from the uncertainty and controversy faced by the parties." <u>United States v. Washington</u>, 759

2    F.2d 1353, 1357 (9th Cir. 1985).  In the event that this action reaches trial and the jury returns a

3    verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were

4    violated.  Accordingly, a declaration that Defendants violated Plaintiff's rights is unnecessary.

5           **F.**    **Injunctive Relief**

6          Plaintiff seeks injunctive relief requiring Defendant Woodford to cease and desist in using

7    the disciplinary documentation against Plaintiff and to remove the documents from his central file,

8    and to prohibit the documents from being used against Plaintiff in any future hearings, committees,

9    or proceedings that pertain to Plaintiff.

10          For each form of relief sought in federal court, Plaintiff must establish standing.  <u>Mayfield</u>

11    <u>v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 503 (2010).  This requires

12    Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and

13    particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be

14    fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial

15    decision will prevent or redress the injury." <u>Summers v. Earth Island Institute</u>, 129 S. Ct. 1142, 1149

16    (2009) (citation omitted); <u>Mayfield</u>, 599 F.3d at 969 (citation omitted).

17          In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,

18    which provides in relevant part, "Prospective relief in any civil action with respect to prison

19    conditions shall extend no further than necessary to correct the violation of the Federal right of a

20    particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless

21    the court finds that such relief is narrowly drawn, extends no further than necessary to correct the

22    violation of the Federal right, and is the least intrusive means necessary to correct the violation of

23    the Federal right." 18 U.S.C. § 3626(a)(1)(A).

24          Plaintiff is seeking relief that cannot be granted in this action, and therefore, Plaintiff's

25    request for injunctive relief is not cognizable.  This action shall proceed as one for monetary

26    damages only.

27    **IV.**   **Conclusion and Recommendation**

28          Plaintiff's first amended complaint sets forth a cognizable claim against Defendants

Mendoza-Powers, Chastagner, and Reynolds for violation of the Free Exercise Clause of the First Amendment, but does not state any other claims for relief under section 1983. Because Plaintiff has previously been notified of the deficiencies and given leave to amend, the Court recommends that the non-cognizable claims be dismissed, with prejudice. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's First Amended Complaint, filed March 6, 2012, against Defendants Mendoza-Powers, Chastagner, and Reynolds for violation of the Free Exercise Clause of the First Amendment for monetary damages;

2. Plaintiff's Eighth Amendment, Fourteenth Amendment, and state constitutional claims be dismissed, with prejudice, for failure to state a claim under section 1983;

3. Plaintiff's requests for declaratory and injunctive relief be dismissed for failure to state a claim under section 1983; and

4. Defendant Woodford be dismissed, with prejudice, based upon Plaintiff's failure to state a cognizable claim against her.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **April 5, 2012**          **/s/ Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE