# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY COBB, | CASE NO. 1:10-cv–00642-LJO-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| KATHY MENDOZA-POWERS, et al., | (ECF No. 37) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations on Defendants' Motion to Dismiss**

## I.     Procedural History

Plaintiff Jerry Cobb is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 12, 2012, an Order issued finding service of Plaintiff's Complaint, filed March 24, 2010, appropriate. (ECF No. 12.) On November 24, 2010, Plaintiff submitted service documents and an Order issued directing the United States Marshal to serve the Complaint. (ECF No. 14.) On May 23, 2011, Defendants filed a Motion to Dismiss. (ECF No. 23.) On February 7, 2012, an Order Adopting Findings and Recommendations issued dismissing Plaintiff's Complaint, with leave to amend.[1]  (ECF No. 32.)  Plaintiff filed a First Amended Complaint on March 6, 2012.  (ECF No. 33.)  On March 19, 2012, Defendants Chastagner,

---

[1] On February 7, 2012, Plaintiff's RLUIPA claims against the individual defendants were dismissed without leave to amend. (ECF No. 32.) Additionally, Plaintiff may only seek injunctive relief under RLUIPA, Sossamon v. Texas, __ U.S. __, 131 S. Ct. 1651, 1663 (2011).  Since the policy was revised on January 17, 2006, any claims for injunctive relief under RLUIPA would be moot.

1

1  Mendoza-Powers, and Reynolds filed a Motion to Dismiss.[2] (ECF No. 37.) On March 20, 2012, a
2  Notice of Errata was filed amending the Motion to Dismiss to include Defendant Woodford. (ECF
3  No. 38.)  On April 5, 2012, the First Amended Complaint was screened and Findings and
4  Recommendations issued recommending dismissing certain claims and defendants. (ECF No. 39.)
5  On May 16, 2012, an Order Adopting Findings and Recommendations issued.[3] (ECF No. 40.) On
6  May 16, 2012, the Court ordered Plaintiff to file an opposition or statement of non-opposition to
7  Defendants' Motion to Dismiss. (ECF No. 41.) On July 18, 2012, Plaintiff filed a Statement of
8  Non-opposition to Defendants' Motion to Dismiss. (ECF No. 44.)

9       This action is proceeding on Plaintiff's First Amended Complaint, filed March 6, 2012,
10 against Defendants Mendoza-Powers, Chastagner, and Reynolds for violation of the Free Exercise
11 Clause of the First Amendment for monetary damages. Since Defendants' Motion to Dismiss was
12 filed prior to the Court screening the First Amended Complaint, arguments are included that address
13 the claims and defendants that have been dismissed from the action. Accordingly, the Court shall
14 only address Defendants' Motion to Dismiss for those claims and Defendants proceeding in this
15 action.

16 **II.    Motion to Dismiss**

17     **A.    Legal Standard**

18      In considering a motion to dismiss for failure to state a claim, the court generally considers
19 only the pleadings and must accept as true the allegations in the complaint. Marder v. Lopez, 450
20 F.3d 445, 448 (9th Cir. 2006); Shaver v. Operating Engineers Local 428 Pension Trust Fund, 332
21 F.3d 1198, 1201, 1203 (9th Cir. 2002). A court may consider evidence that the complaint relies on,
22 where the complaint refers to a document that is central to the complaint and no party questions the
23 authenticity of the document. Marder, 450 F.3d at 448; see United States v. Ritchie, 342 F.3d 903,
24 908 (9th Cir. 2003). Additionally, the court is to "construe the pleading in the light most favorable

---

[2] Plaintiff was notified of the requirements for responding to a motion to dismiss in the second information order issued November 24, 2010. (ECF No. 14-1.)

[3] In the Order Adopting, Defendant Woodward and Plaintiff's Eighth Amendment, Fourteenth Amendment, and state constitutional claims, and requests for declaratory and injunctive relief were dismissed for failure to state a claim.

2

to the party opposing the motion, and resolve all doubts in the pleader's favor. Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Hebbe, 627 F.3d at 342.

A motion to dismiss for failure to state a claim is properly granted where the complaint lacks "a cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988)). There are two requirements to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6). While accepting factual allegations in the complaint as true, the court is not required to accept legal conclusions as true, and the factual allegations must state a plausible claim for relief. Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011).

### B. Allegations in First Amended Complaint

On April 4, 2003, Plaintiff took a vow not to comb or shave his hair as a symbol of his relationship with God. At the time Plaintiff made this vow, the CDCR was enforcing a grooming policy providing no exemptions for prisoners with religious beliefs. The prison grooming policy was found to be unconstitutional in Warsoldier.[4] On November 15, 2005, Defendant Mendoza-Powers continued to enforce the policy. Defendant Mendoza-Powers authorized a lieutenant under her command to generate a memo notifying staff and inmates that the grooming policy would continue to be enforced at Avenal State Prison, where Plaintiff was incarcerated.

On December 16, 2005, Defendant Reynolds told Plaintiff to cut his hair or he would receive a disciplinary violation. Plaintiff refused to comply. On December 20, 2005, Defendant Reynolds issued Plaintiff a counseling chrono, the first step in the disciplinary process. Defendant Chastagner issued a rule violation report on December 26, 2005. On January 3, 2006, Plaintiff was found guilty of a rule violation for failing to cut his hair.

### C. Defendants' Position

Defendants bring this Motion to Dismiss on the grounds that Plaintiff's claims against

---

[4]The Court assumes that Plaintiff is referring to Warsoldier v. Woodford, 418 F.3d 989, 994 (9th Cir. 2005).

3

1  Defendant Mendoza-Powers fail as they are based upon *respondent superior*, the complaint fails to
2  state a claim for a violation of the First Amendment, and Defendants Mendoza-Powers, Chastagner,
3  and Reynolds are entitled to qualified immunity.
4        Defendant Mendoza-Powers argues that the claim against her is based upon her supervisory
5  position as Warden of the prison. Plaintiff fails to allege that Defendant Mendoza-Powers was aware
6  that the grooming policy had been held to be unconstitutional or that the decision was immediately
7  binding on the California Department of Corrections and Rehabilitation. While Plaintiff alleges that
8  Defendant Mendoza-Powers authorized a Lieutenant to generate a memo, a review of the memo
9  reveals that it was not written by Defendant Mendoza-Powers, nor does it indicate that it was written
10 on her behalf. While a supervisor can be liable for a policy that is so deficient that the policy itself
11 is a repudiation of constitutional rights and is the moving force behind the deprivation, at best
12 Plaintiff has demonstrated that Lieutenant Pena was the moving force behind the policy. Plaintiff
13 has failed to show any personal involvement by Defendant Mendoza-Powers and has failed to state
14 a claim.
15       Defendants Chastagner and Reynolds acted pursuant to California Code of Regulations, Title
16 15 Section 3062(e), which at the time prohibited inmates from having long hair. This provision was
17 revised on January 17, 2006, eliminating that provision. Defendants Chastagner and Reynolds were
18 merely enforcing prison policy and did not act intentionally to violates Plaintiff's First Amendment
19 rights. While the Ninth Circuit has not addressed the issue, at least two district courts have found
20 that negligence is not sufficient to state a claim for a violation of the First Amendment. At most
21 Plaintiff's complaint states a claim that Defendants Chastagner and Reynolds misunderstood what
22 Plaintiff's rights were, which is insufficient to state a cognizable claim. Plaintiff has failed to
23 demonstrate that Defendants Chastagner and Reynolds engaged in a conscious and deliberate act to
24 burden Plaintiff's free exercise of religion..
25       Finally, Defendants Mendoza-Powers, Chastagner, and Reynolds are entitled to qualified
26 immunity because they would not know that enforcing a prison regulation would violate Plaintiff's
27 First Amendment rights. Defendants Chastagner and Reynolds were following the orders of a
28 superior officer by enforcing the grooming policy as directed by the memo from Lieutenant Pena.

4

### D. First Amendment Free Exercise

#### 1. Legal Standard

"Prison walls do not form a barrier separating prison inmates from the protections of the Constitution." Turner v. Safley, 482 U.S. 78, 84, 107 S. Ct 2254, 2261 (1987). Nevertheless, prisoners' constitutional rights are subject to substantial limitations and restrictions in order to allow prison officials to achieve legitimate correctional goals and maintain institutional security. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); Bell v. Wolfish, 441 U.S. 529, 546-47 (1979).

"Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), overruled in part by Shakur, 514 F.3d at 884-85.

To receive protection under the First Amendment Free Exercise Clause, the proffered belief must be sincerely held and rooted in religious belief. Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994). As the Court previously found, Plaintiff has sufficiently alleged facts to establish that he would not cut his hair due to a sincerely held religious belief.

#### 2. Discussion

On July 29, 2005, the Ninth Circuit found that CDCR's grooming policy violated the Religious Land Use and Institutionalized Person's Act ("RLUIPA") and reversed the district court's denial of a preliminary injunction prohibiting enforcement of the policy. Warsoldier v. Woodford, 418 F.3d 989, 1002 (9 th Cir. 2005). While Plaintiff alleges that this finding invalidated the policy on constitutional grounds, he is incorrect. The Warsoldier ruling only addressed the policy as it applied to RLUIPA, which requires the regulation be "both in furtherance of a compelling governmental interest and the least restrictive means of furthering that compelling governmental interest." Warsoldier, 418 F.3d at 995 (quoting 42 U.S.C § 2000cc-1(a); § 2000cc-2(b)). Claims brought for violations of the First Amendment are analyzed under the less restrictive Turner standard

which requires that the regulation be "reasonably related to legitimate penological interests." Turner, 482 U.S. 78, 89, 107 S. Ct 2254, 2261 (1987)).

In Henderson v. Terhune, 379 F.3d 709 (9th Cir. 2004), the Ninth Circuit considered whether the hair length regulation at issue here violated the Free Exercise Clause of the First Amendment. Analyzing the regulation under the Turner standards, the appellate court found that the hair length regulation was valid because it was rationally related to legitimate penological interests. Henderson, 379 F.3d at 715-16. Plaintiff's First Amendment claim is precluded by Henderson. See Knight v. Yarborough, No. 2:03-cv-01210 AG (VBK), 2011 WL 4550190, *6 n.2 (C.D.Cal. Aug. 22, 2011) (inmate's First Amendment claim based on CDCR's grooming policy is barred by Henderson, 379 F.3d 709.); Nelson v. Runnels, No. 2:06-cv-01289 LKK DAD, 2009 WL 211052, *4 (E.D.Cal. Jan. 28, 2009) ("Under Henderson plaintiff's First Amendment claims are foreclosed as a matter of law."); Hypolite v. California Dep't of Corrections, No. 2:05-cv-00428 MCE DAD P, 2007 WL 2239214, *6 (E.D.Cal. July 31, 2007) (CDCR grooming regulation on hair length does not violate the First Amendment); Hillmon v. Alameida, No. 1:03-cv-06409-REC-DLB P, 2005 WL 2030571, *3 (E.D.Cal. Aug. 22, 2005) (grooming regulation on hair length has been held by the Ninth Circuit to not infringe on inmate's First Amendment rights). Accordingly, the Court recommends that Defendants Mendoza-Powers, Chastanger, and Reynolds motion to dismiss for failure to state a claim be granted.

### E.   Qualified Immunity

Defendants also argue that they are entitled to qualified immunity. The doctrine of qualified immunity protects government officials from civil liability where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231, 129 S. Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982)). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Ashcroft v. al-Kidd, __ U.S. __, 131 S. Ct. 2074, 2085 (2011) (citations omitted). To determine if an official is entitled to qualified immunity the court uses a two part inquiry. Saucier v. Katz, 533 U.S. 194, 200, 121 S. Ct. 2151, 2155 (2001) overruled in part by " Pearson, 555 U.S. 223, 129 S. Ct. 808. The court determines if

the facts as alleged state a violation of a constitutional right and if the right is clearly established so that a reasonable official would have known that his conduct was unlawful. Ashcroft, 131 S. Ct. at 2083. This does not require that the same factual situation must have been decided, but that existing precedent would establish the statutory or constitutional question beyond debate. Id.; Mattos v. Agarano, __ F.3d __, 2011 WL 4908374, *6 (9th Cir. 2011). "The linchpin of qualified immunity is the reasonableness of the official's conduct." Rosenbaum v. Washoe County, 654 F.3d 1001, 1006 (9th Cir. 2011).

The inquiry as to whether the right was clearly established is "solely a question of law for the judge." Dunn v. Castro, 621 F.3d 1196, 1199 (9th Cir. 2010) (quoting Tortu v. Las Vegas Metro. Police Dep't., 556 F.3d 1075, 1085 (9th Cir. 2009)). The court is "permitted to exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson, 555 U.S. at 236, 129 S. Ct. at 818. Finally, the right the official is alleged to have violated must be defined at the appropriate level of specificity before the court can determine if it was clearly established. Dunn, 621 F.3d at 1200.

As discussed above, the grooming policy has been held to be valid under the First Amendment and Defendants Mendoza-Powers, Chastanger, and Reynolds did not violate Plaintiff's First Amendment rights by enforcing the policy. Additionally, since the Warsoldier ruling only found that the policy violated RLUIPA, it was not clearly established that enforcing the policy would violate the First Amendment. Therefore, Defendants are entitled to qualified immunity on Plaintiff's claim that the grooming regulation violated his free exercise rights under the First Amendment under both of the Saucier prongs.

**III.     Conclusion and Recommendation**

The Court finds that Defendants Motion to Dismiss should be granted. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, the Court finds that the deficiencies outlined above are not capable of

being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendants' Motion to Dismiss be granted on the grounds that Plaintiff failed to state a claim for a violation of the First Amendment and Defendants' are entitled to qualified immunity.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 24, 2012**                         **/s/ Barbara A. McAuliffe**
                                                                    UNITED STATES MAGISTRATE JUDGE